UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF EL DORADO, et al.,<br><br>    Defendants. | Case No. 2:17-cv-02128-JAM-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' BILL OF COSTS** |

The County of El Dorado, Teri Monterosso, and Timothy Pappas ("Defendants") request $8,929.71 in costs resulting from the settlement of Todd Jones' ("Plaintiff") retaliation and defamation claims against them. Bill of Costs, ECF No. 66. Defendants seek costs pursuant to Fed. R. Civ. P. 54(d) and Local Rule 292(f). Id. Plaintiff opposes these costs, arguing that: (1) Plaintiff does not owe costs for the defense of his Fair Employment and Housing Act ("FEHA") claims; (2) Catherine Goddard was not deposed in this case; and (3) Erin Hane's travel costs should not be included. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Defendants' bill of costs.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 14, 2020.

I. FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 2017, Plaintiff sued Defendants for employment discrimination under 42. U.S.C. § 2000e, discrimination and retaliation under 42 U.S.C. § 1983, discrimination and retaliation under FEHA, and defamation. See Compl., ECF No. 1. Trial commenced two years later. See ECF No. 61. On the first day of trial, Plaintiff voluntarily dismissed his discrimination claims under both federal and state law. Bill of Costs at 2. The case proceeded on the retaliation and defamation claims. Id. Just before the conclusion of Plaintiff's case-in-chief, the parties settled. See ECF No. 65. The case was dismissed with prejudice and Defendants were deemed the prevailing party for the purposes of recovering costs. Id. Per the settlement agreement, Defendants are "entitled to recover their taxable costs up to a maximum of $8,500." Trial Transcript ("Trial Tr.") ¶ 2, November 1, 2019. Defendants submitted their bill of costs fourteen days later. See ECF No. 66. Plaintiff objects to Defendants' bill of costs. See Objections, ECF No. 67.

II. OPINION

A. Legal Standard

Federal Rule of Civil Procedure 54(d) allows for a prevailing party to be awarded taxable costs other than attorneys' fees. Fed. R. Civ. P. 54(d)(1). Taxed costs may include the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;
        (4)   Fees for exemplification and the costs of making
              copies of any materials where the copies are
              necessarily obtained for use in the case;
        (5)   Docket fees under section 1923 of this title;
        (6)   Compensation of court appointed experts,
              compensation of interpreters, and salaries, fees,
              expenses, and costs of special interpretation
              services under section 1828 of this title.
28 U.S.C. § 1920(1)-(6). Federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920 when taxing expenses as costs. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

While the rule creates a presumption of awarding costs to a prevailing party, district courts have discretion in determining whether and to what extent prevailing parties may be awarded costs. Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). However, "this discretion is not unlimited. A district court must specify reasons for its refusal to award costs." Id. at 592 (internal quotation marks and citation omitted). The reasons specified must "explain why a case is not ordinary and why, in the circumstances, it would be inappropriate or inequitable to award costs." Id. at 593 (internal quotations marks and citation omitted). The losing party bears the burden of providing such reasons to the court. Mansourian v. Bd. of Regents of the Univ. of Cal. At Davis, 566 F.Supp.2d 1168, 1171 (E.D. Cal 2008).

Reasons for refusing to award costs to a prevailing party

include: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) the chilling effect of imposing such high costs on future civil rights litigants; (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented issues of national importance. Quan v. Computer Sciences Corp., 623 F.3d 870, 888–89 (9th Cir. 2010) (citation omitted). However, this is not "an exhaustive list of good reasons for declining costs." Ass'n of Mexican-Am. Educators, 231 F.3d at 593 (internal quotation marks omitted).

B. Analysis

As an initial matter, it is undisputed that Defendants are the prevailing party, see ECF No. 65 ("[D]efendants were deemed the prevailing party for the purposes of recovering costs."), and their request for taxable costs was timely. See E.D. Cal. L.R. 292(b) (specifying that a bill of costs must be filed within 14 days of the entry of judgment); ECF No. 64 (case settled on November 1, 2019); ECF No. 66 (bill of costs submitted on November 15, 2019). However, their recoverable taxable costs are capped at $8,500. Trial Tr. ¶ 2.

Defendants request reimbursement for money spent on depositions, copying materials, and witness travel. Bill of Costs at 2–5. These costs are taxable under 28 U.S.C. § 1821 and § 1920. Generally, the assessment of taxable costs "is merely a clerical matter that can be done by the court clerk." Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 573 (2012) (quoting Hairline Creations, Inc. v. Kefalas, 664 F.2d 652, 656 (7th Cir. 1981)). Accordingly,

the Court will not use its limited resources to sift through Defendants' undisputed taxable cost submissions when the Local Rules designate authority to tax costs to the Clerk. E.D. Cal. L.R. 292. The Court's consideration of costs, thus, will focus only on Plaintiff's disputed costs.

### 1. Defense of FEHA Claims

Plaintiff objects to owing costs for either of the FEHA claims. Objections at 2. Plaintiff argues that, for claims related to FEHA violations, a prevailing defendant may only recover costs where the court makes a finding that the action was "frivolous, unreasonable, or groundless." Id. (citing Gov't. Code § 12965(b); Williams v. Chino Valley Independent Fire Dist., 186 Cal. Rptr. 3d 976, 981-88(2015). Williams does, in fact, establish a frivolity requirement for defendants to recover costs in defending FEHA violations. See Williams, 186 Cal. Rptr. 3d at 988. But Plaintiff misses a meaningful distinction between Williams and the case at hand. Williams was in state court. Whereas Plaintiff's claims are in federal court.

Federal Rule of Civil Procedure 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party," unless "a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). An award of standard costs in federal district court is normally governed by this rule, even in diversity cases. Drumm v. Morningstar, Inc., 695 F.Supp.2d 1014, 1026 (N.D. Cal. 2010) (citing Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1022 (9th Cir. 2003)) (internal quotation marks omitted).

An exception to this is when an award of costs is substantive

in nature.  Clausen v. M/V New Carissa, 339 F.3d 1049, 1064-65 (9th Cir. 2003).  When, for example, a damages provision under state law permits prevailing plaintiffs to recover costs as an element of compensatory damages, courts deem costs to be part of the underlying substantive right.  Id.  Moreover, when "the question of the proper measure of damages is inseparably connected with the right of action," and costs are included in the damages provision, costs also become a substantive right.  Id. at 1065 (internal quotation marks and citation omitted).  And when a federal court is presented with a choice between a federal cost provision and a state damages provision that includes costs, the substantive state law prevails.  Id. at 1064.

But costs are not included as an element of damages for a FEHA claim because the law has no substantive damages provision.  See State Dep't of Health Servs. v. Superior Court, 31 Cal. 4th 1026, 1042 (2003) ("FEHA permits individual suits for damages to enforce its provisions, but it does not specify what damages are recoverable.").  Accordingly, costs are not substantive in nature and federal law governs.  See Drumm, 695 F.Supp.2d at 1026-27 (where the Northern District found that costs were procedural and federal law governed when costs were not included as an element of damages for an unpaid wage claim under California law).

As further support that Federal Rule of Civil Procedure 54(d) governs, the Ninth Circuit has applied this Rule to determine whether costs were appropriately awarded in cases involving FEHA violations.  See Mauran v. Walmart Inc., 786 Fed.Appx. 671, 675 (9th Cir. 2019) (where plaintiff alleged FEHA violations along with other state-law based claims and the court applied Federal Rule of

Civil Procedure 54(d) in deciding the district court abused its discretion in awarding costs to Walmart); Stanley v. University of Southern California, 178 F.3d 1069, 1079-80 (9th Cir. 1999) (where plaintiff alleged FEHA violations along with violations of federal statutes and other state law-based claims and the court applied Federal Rule of Civil Procedure 54(d) in deciding the district court abused its discretion in awarding costs to USC).

In sum, Federal Rule of Civil Procedure 54(d) governs. The Court is not required to reduce Defendants' award of costs to account for the FEHA claims that remained at the time of trial and therefore declines to reduce Defendants' award of costs for this reason.

### 2. Catherine Goddard's Deposition

Plaintiff objects to owing costs for the deposition of witness Catherine Goddard. Objections at 1-2. Goddard was deposed as the plaintiff in her own case against Defendants. Id. Accordingly, Plaintiff argues this cost is not recoverable in his case. Id. at 2. The Court agrees. It would be inequitable to hold Plaintiff responsible for the cost of a deposition that was taken in a separate case. The fact that Goddard's deposition was utilized in the instant case is of no consequence. The cost of Goddard's deposition may be recoverable at the conclusion of her case against Defendants.

Thus, the Court denies Defendants $1,502.40 in costs for the deposition of Catherine Goddard.

### 3. Erin Hane's Airfare

Plaintiff objects to owing costs for the airfare of witness Erin Hane. Objections at 2. Plaintiff argues that he should not

7

be responsible for the cost of Hane's airfare as she was never called to testify.  Id.  The Court disagrees.  Hane flew to Sacramento prepared to testify on November 1, 2019.  Bill of Costs at 4.  The case settled unexpectedly that day.  Id.  But the trial had been ongoing, and Plaintiff was on the verge of resting his case-in-chief.  It was entirely reasonable for Defendants to have a witness on hand.

Accordingly, the Court grants Defendants $627.96 in costs for witness Erin Hane's airfare.

III. ORDER

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendants' Bill of Costs and awards Defendants $7,427.31 in taxable costs.

IT IS SO ORDERED.

Dated: January 22, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE